TRUNCK ET UX. *v.* HACK'S POINT COMMUNITY ASSOCIATION

[No. 97, October Term, 1953.]

*Decided March 18, 1954.*

The cause was argued before DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

Submitted on brief by *James Weinroth* for the appellants.

*Charles M. Huester,* with whom was *Edward D. E. Rollins* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Cecil County, in equity, directing the appellants to remove part of a concrete porch, carport and overhanging structure attached to their dwelling house, to the extent that these structures extended beyond the set-back line in violation of a restrictive covenant. The covenant was "That no building or any part thereof shall be erected or placed on said lot within thirty-five (35) feet of Hack's Point Road * * *." It was contained in the

original deed from Miller-Nelson, Incorporated to Dorothy V. Reburn, on March 5, 1943, and entered into by the grantee for herself, her heirs and assigns. This conveyance was of lots 27 and 28 "on the plat of the sub-division of the property * * * known as Hack's Point Beach," recorded in the land records. The deed dated July 8, 1949, from Miss Reburn to the appellants, was of lot 27, as shown on the recorded plat, and was expressly subject to the conditions and restrictions contained in the deed of March 5, 1943. The same restriction was contained in the deeds to all the lots on Hack's Point Road. In the case of lots fronting on other streets in the sub-division the set-back was 15 feet, all in accordance with a general plan.

It was shown that the dwelling house in question had been erected in 1927 by the Miller-Nelson Company, which had developed Hack's Point Beach. The development comprises 276 lots, of which 182 are now occupied by dwellings. Mr. Miller, one of the developers, testified that all of the houses they erected, including the house in question, complied with the set-back restrictions. At the time they built the houses on lots 26, 27 and 28, the surveyor's markers were in place.

In 1951 the appellants, over the protest of the appellee and neighboring owners, erected a porch and carport extending about 7 feet over the line. The appellants offered evidence of a surveyor that the houses on lots 26 and 28 also extended over the line, but the Chancellor found this was not the fact. He pointed out that the witness did not make a plat of his survey or locate the corner markers. He had been employed to locate the division lines, and his location of the building line was "done for curiosity's sake." The markers he located were farther to the west where the road curved. He did not know there was a 35 foot set-back at that time. Other witnesses testified that he had admitted to them that the building was too close to the line.

The Chancellor also found there was no sufficient evidence of abandonment of the general plan; at most,

the testimony showed a few minor violations on three lots in other parts of the development. He noted that in at least one instance the appellee had required another owner to remove an encroachment where the owner had measured the distance from the curb line rather than the lot line. The Chancellor's findings of fact are, of course, entitled to great weight, and we think they were supported by the evidence.

The appellants do not appear to question the applicable principles of law as laid down in *Raney v. Tompkins,* 197 Md. 98, *Schlicht v. Wengert,* 178 Md. 629, and *Levy v. Dundalk Co.,* 177 Md. 636. Their case was submitted without argument in this Court, and the only point stressed in their brief is a contention that the phrase in the covenant, "within 35 feet of Hack's Point Road," must be interpreted to run from the curb line and not from the building line. The Chancellor did not mention the point in his opinion, and it may well be that the appellee is correct in stating that it was not raised below. In any event, we think the contention is without merit.

The witnesses all agreed that Hack's Point Road, as laid out on the plat, is 50 feet wide. However, the vehicular portion of the road is shown as 30 feet wide, with space for sidewalks on each side, 10 feet wide. It was stated at the argument that the sidewalks have not been laid. Clearly, the whole space of 50 feet was dedicated to public use by the recorded plat, and the conveyances of the lots only ran to this line. It is true that where the language employed in a restrictive covenant requires construction, it must be strictly construed. *Osborne v. Talbot,* 197 Md. 105, and cases cited. But in the instant case we think the construction admits of no doubt. The language, "within thirty-five (35) feet of Hack's Point Road * * *", can only refer to the lot line, and not to the curb line within the property reserved by the grantor and dedicated to public use. The point was assumed, if not decided, in *Levy v. Dundalk Co.,* supra (pp. 644, 651). It is clear from the testi-

mony that this was the construction placed upon the covenant by the developers and acquiesced in by all the other grantees.

*Decree affirmed, with costs.*